25CA1945 & 25CA2143 Wedding Canyon v Seehase 07-23-2026

COLORADO COURT OF APPEALS

Court of Appeals Nos. 25CA1945 & 25CA2143
Mesa County District Court No. 22CV30297
Honorable JenniLynn Everett Lawrence, Judge

Wedding Canyon Estates II,

Plaintiff-Appellee,

v.

Diana L. Seehase and Dawn M. Watkins,

Defendants-Appellants.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE LIPINSKY
Yun and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 23, 2026

Hoskin Farina & Kampf, P.C., Andrew H. Teske, John T. Pryzgoda, Grand Junction, Colorado, for Plaintiff-Appellee

Diana L. Seehase, Pro Se

Dawn M. Watkins, Pro Se

¶ 1    Defendants, Diana L. Seehase and Dawn M. Watkins, appeal the trial court's award of attorney fees to plaintiff, Wedding Canyon Estates II (Wedding Canyon).  We affirm.

                    I.    Background

¶ 2    Seehase owned property (the property) in the Wedding Canyon Estates II residential community, which was governed by Wedding Canyon's "Declaration of Covenants, Conditions, and Restrictions" (the declaration).  In August 2022, Wedding Canyon filed suit to obtain a permanent injunction against Seehase for allegedly interfering with its easement rights and violating multiple provisions of the declaration.

¶ 3    In August 2023, Seehase conveyed the property to the Horses of the Sea Irrevocable Trust (the Trust), of which Watkins (Seehase's sister) was the trustee (the Trustee).  The trial court then granted Wedding Canyon leave to amend its complaint to add the Trust and Watkins, in her capacity as the Trustee, as additional defendants.  Seehase, appearing pro se, asserted numerous counterclaims in her answer.  The Trust did not respond to Wedding Canyon's complaint.

¶ 4    In August 2024, the trial court entered an order saying that it would not "acknowledge[]" any of Seehase's future pro se filings,

1

directing her to obtain "counsel for her counterclaims" within forty-five days, and warning that "[i]f she [did] not obtain[] counsel for the counterclaims, they [would] be dismissed."

¶ 5    When Seehase failed to obtain counsel by the court's deadline, the trial court dismissed her counterclaims. As a result, only Wedding Canyon's claims proceeded to trial. After a three-day bench trial, the trial court entered a permanent injunction against Seehase and the Trust, "by and through its Trustee, . . . Watkins or her lawful successor." The court also entered a money judgment against Seehase and the Trust, jointly and severally. (The filings in the case refer to the defendants inconsistently. Some of the filings refer to three defendants — Seehase, the Trust, and the Trustee. But the attorney fee order that is the subject of this appeal awarded attorney fees only against Seehase and the Trust, "*by and through its Trustee*, [Watkins] or her lawful successor." (Emphasis added.) As Wedding Canyon acknowledges, the court did not award attorney fees against Watkins in an individual capacity.)

¶ 6    In addition, citing section 11.1 — the fee-shifting provision — of the declaration, the trial court found that, as the prevailing party, Wedding Canyon was "entitled to an award of its [attorney] fees and

costs against [Seehase and the Trust], jointly and severally." Section 11.1 provides that if Wedding Canyon brings "any proceeding at law or in equity against any person or persons" to enforce "the covenants, conditions, restrictions, easements, reservations, rights-of-way, liens, charges and other provisions contained in" the declaration or Wedding Canyon's bylaws, rules, or regulations, the prevailing party in such proceeding "shall be entitled to recover its costs and reasonable [attorney] fees incurred pursuant thereto." Wedding Canyon then filed a motion (the attorney fee motion) seeking $294,744.50 in attorney fees and $14,769.11 in costs from Seehase and the Trust. Wedding Canyon supported the motion with (1) a "summary petition" (the fee statement) describing the work that its law firm (the firm) performed and the attorney fees it billed to Wedding Canyon; (2) an affidavit from the lead counsel (and managing shareholder) at the firm attesting to the reasonableness of the requested attorney fees; and (3) Wedding Canyon's fee agreement with the firm (the fee agreement).

¶ 7 Seehase, through counsel, responded to the attorney fee motion by objecting to the reasonableness of the requested attorney

fees and costs and "demand[ing] a hearing." The trial court granted a hearing. Before the hearing, however, Seehase's attorney filed a motion to withdraw. Just hours before the scheduled hearing, Seehase filed a pro se "emergency motion for continuance," citing, among other reasons, that she allegedly received "less than [twenty-four] hours' notice" of the hearing and lacked access to her prior counsel's "essential case files." The court denied Seehase's motion and proceeded with the hearing. It allowed Seehase to observe, but not participate in, the hearing.

¶ 8        At the hearing, Wedding Canyon's counsel explained that Wedding Canyon's attorney fees and costs had increased since it filed the attorney fee motion and asked the court to award $317,384.20 in fees and $17,953.82 in costs.

¶ 9        After considering the attorney fee motion, supporting materials, and testimony from the firm's managing shareholder and Wedding Canyon's president, the trial court ruled from the bench that it was awarding Wedding Canyon the requested amounts of attorney fees and costs. The court's written order memorializing its ruling specified that it was assessing the attorney fees and costs against Seehase and the Trust, jointly and severally.

4

¶ 10   On appeal, Seehase argues that the trial court abused its discretion in awarding attorney fees to Wedding Canyon because

(1)   the attorney fee motion did not comply with C.R.C.P. 121, section 1-22(2)(b);

(2)   Wedding Canyon provided "no independent or comparative market evidence . . . to establish prevailing market rates"; and

(3)   the court improperly applied the factors in Rule 1.5(a) of the Colorado Rules of Professional Conduct for determining the reasonableness of attorney fees.

Seehase does not challenge the amount of costs awarded to Wedding Canyon. We affirm the trial court's award of attorney fees to Wedding Canyon.

A.   Standard of Review

¶ 11   "We review a district court's decision to award attorney fees for an abuse of discretion." *In re Parental Responsibilities Concerning W.P.A.S.*, 2026 COA 4, ¶ 27, 586 P.3d 1112, 1119. A trial court abuses its discretion when its "decision is based on a misapplication of law or is manifestly arbitrary, unreasonable, or

unfair." *Id.* "We may not disturb the amount of fees awarded unless it is patently erroneous and unsupported by the evidence." *Id.* In addition, because Seehase and Watkins are self-represented in this appeal, we interpret their briefs liberally. *See People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010); *Beinor v. Indus. Claim Appeals Off.*, 262 P.3d 970, 973 (Colo. App. 2011).

### B. Wedding Canyon's Motion Complied with C.R.C.P. 121, Section 1-22(2)(b)

¶ 12     Seehase contends that the trial court abused its discretion by awarding attorney fees to Wedding Canyon because the attorney fee motion failed to comply with C.R.C.P. 121, section 1-22(2)(b). Specifically, Seehase argues that Wedding Canyon did not "explain and justify a material increase" in the firm's hourly rate "from the rate stated in the engagement agreement," nor did it provide documentation to establish the reasonableness of the new hourly rate. We disagree.

### 1. C.R.C.P. 121, Section 1-22(2)(b)

¶ 13     C.R.C.P. 121, section 1-22(2)(b), governs the procedure for requesting attorney fees. *Nesbitt v. Scott*, 2019 COA 154, ¶ 22, 457 P.3d 134, 138. It provides that "[a]ny party seeking attorney

fees . . . shall file and serve a motion for attorney fees" that "shall explain the basis upon which fees are sought, the amount of fees sought, and the method by which those fees were calculated." C.R.C.P. 121, § 1-22(2)(b). "The motion shall be accompanied by *any* supporting documentation, including materials evidencing the attorney's time spent, the fee agreement between the attorney and client, and the reasonableness of the fees." *Id.* (emphasis added).

¶ 14    The rule "does not specify that a 'particular or definite' type of supporting documentation, such as a written fee agreement, must accompany a motion for attorney fees and costs," however. *Nesbitt*, ¶ 24, 457 P.3d at 138 (quoting the definition of "any" in Webster's Third New International Dictionary 97 (2002)). "The word 'any' modifies 'supporting documentation' and is 'used as a function word . . . to indicate one that is not a particular or definite individual of the given category but whichever one chance may select.'" *Id.* (quoting Webster's Third New International Dictionary at 97).

¶ 15    C.R.C.P. 121, section 1-22(2)(b)'s reference to "materials evidencing the attorney's time spent, the fee agreement between the attorney and client, and the reasonableness of the fees" is a

7

"non-exhaustive" list of "examples of documentation that are 'includ[ed]' in the category of 'supporting documentation.'" *Id.* at ¶ 25, 457 P.3d at 138 (quoting C.R.C.P. 121, § 1-22(2)(b)).

### 2. The Documentation Supporting the Attorney Fee Motion

¶ 16 The fee agreement says that the firm's managing shareholder's hourly rate is $300. It also notes that "[o]ther lawyers in [the] firm may assist with [Wedding Canyon's] work, at hourly rates ranging from $200 [to] $400," and all "hourly billing rates of our attorneys and legal assistants are subject to adjustment from time to time." At the attorney fee hearing, the firm's managing shareholder testified that he was the only attorney named in the fee agreement because he was responsible for billing Wedding Canyon and managing the case.

¶ 17 In addition, the fee statement detailed, for each time entry, the date, description, attorney, hours, and hourly rate, as well as the firm's total fee for its work on the case. The fee statement reflected that the managing shareholder's hourly rates ranged between $175 and $425, while other attorneys and staff were billed at rates between $110 and $300 per hour. The managing shareholder explained that the fee statement showed different hourly rates for

the same attorney because "hourly rates charged by the firm are changed from time to time consistent with the fee agreement" and some rates are "adjusted on the pre-bill statement."

¶ 18    Thus, we disagree with Seehase that Wedding Canyon "offered no explanation whatsoever" for the rate increases in the fee statement. The fee agreement expressly allowed for variable rates, and the fee statement meticulously documented both the time spent and hourly rate for each attorney and staff member who worked on the case. Wedding Canyon was not required to provide further documentation justifying each rate adjustment; the managing shareholder provided an affidavit listing the applicable rates for all timekeepers who worked on the case, and at the hearing he explained the firm's process for adjusting rates. *See Nesbitt*, ¶¶ 24-25, 457 P.3d at 138.

¶ 19    So, Wedding Canyon sufficiently explained the difference between the hourly rates in the fee agreement and those shown in the fee statement. We therefore conclude that the trial court did not abuse its direction by finding that the attorney fee motion complied with C.R.C.P. 121, section 1-22(2)(b).

## C. The Trial Court Did Not Abuse Its Discretion by Concluding that the Firm's Hourly Rates Were Reasonable

¶ 20 Seehase next contends that the trial court abused its discretion by determining that the firm's hourly rates were reasonable because Wedding Canyon provided "no independent or comparative market evidence . . . to establish prevailing rates." We disagree.

¶ 21 "Courts determine the reasonableness of an attorney fees request through a two-step analysis." *1046 Munras Props., L.P. v. Kabod Coffee*, 2025 COA 71, ¶ 26, 577 P.3d 1033, 1038. "First, the court calculates a 'lodestar amount,' which 'represents the number of hours reasonably expended on the case, multiplied by a reasonable hourly rate.'" *Id.* (quoting *S. Colo. Orthopaedic Clinic Sports Med. & Arthritis Surgeons, P.C. v. Weinstein*, 2014 COA 171, ¶ 23, 343 P.3d 1044, 1049). "Second, '[t]he trial court then has discretion to make upward or downward adjustments to the lodestar amount based on factors set forth in Colo. RPC 1.5(a).'" *Id.* (quoting *Weinstein*, ¶ 24, 343 P.3d at 1049). "The court's calculation of the lodestar amount carries with it a strong

10

presumption of reasonableness." *Payan v. Nash Finch Co.*, 2012 COA 135M, ¶ 18, 310 P.3d 212, 217.

¶ 22    "A trial court should award attorney fees based on the prevailing market rate by private lawyers in the community." *Id.* at ¶ 46, 310 P.3d at 221. "The fee applicant . . . must . . . submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'" *Id.* at ¶ 35, 310 P.3d at 219 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

¶ 23    "The trial court is vested with broad discretion to determine whether the fees requested by a particular legal team are justified for the particular work performed and the results achieved in a particular case." *Id.* at ¶ 46, 310 P.3d at 221. "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* at ¶ 35, 310 P.3d at 219 (quoting *Fox*, 563 U.S. at 838). "And appellate courts must give substantial deference to these determinations, in light of 'the district court's superior understanding of the litigation.'" *Id.* (quoting *Fox*, 563 U.S. at 838).

¶ 24    Seehase contends that Wedding Canyon failed to prove that the firm's rates were within the range of the prevailing market rates because Wedding Canyon did not submit "affidavits from unaffiliated practitioners, . . . survey data, . . . judicially noticed fee awards in comparable cases, [or] other objective benchmarks against which the reasonableness of the rates could be assessed."

¶ 25    However, Seehase points to no authority, nor are we aware of any, requiring Wedding Canyon to provide such evidence. To the contrary, "the unrebutted testimony of an attorney may be sufficient to support a finding of reasonableness of fees awarded," *Roget v. Grand Pontiac*, 5 P.3d 341, 347 (Colo. App. 1999), and an attorney's affidavit "describing amounts paid, as well as various documents demonstrating such payments," are sufficient to support an attorney fee award, *Weston v. T & T, LLC*, 271 P.3d 552, 561 (Colo. App. 2011). "[I]t is not improper for the trial court to consider testimony and affidavits in determining the reasonableness of an attorney fee award . . . ." *Patterson v. James*, 2018 COA 173, ¶ 45, 454 P.3d 345, 354.

¶ 26    We conclude that Wedding Canyon provided sufficient documentation to support its attorney fee request. As discussed,

*supra* Part II.B.2, it submitted the fee statement, the firm's managing shareholder's affidavit attesting to the accuracy and reasonableness of the fees, and the fee agreement. Moreover, the managing shareholder, whom the trial court qualified as an expert on the reasonableness of attorney fees based on his twenty years of practice in Mesa County, testified that attorneys in the county generally billed between $225 and $500 per hour and that the hourly rates in the fee statement were reasonable for attorneys practicing in the county.

¶ 27　In its order granting the attorney fee motion, the trial court found that the managing shareholder testified credibly about the firm's rates and that his testimony, together with Wedding Canyon's other evidence supporting the motion, was sufficient to establish the reasonableness of the firm's hourly rates. Thus, the trial court did not abuse its discretion.

### D.　Colo. RPC 1.5 Factors

¶ 28　Seehase's final contention is that the trial court abused its discretion by awarding attorney fees to Wedding Canyon without "addressing how [the Colo. RPC 1.5] factors justified the fee award." Seehase asserts that "several [Colo. RPC 1.5] factors were either

unsupported by evidence or inapplicable" and that a court "must consider" all eight factors when determining the reasonableness of requested attorney fees. We disagree.

¶ 29    Under Colo. RPC 1.5(a), "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following":

> (1)    the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2)    the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3)    the fee customarily charged in the locality for similar legal services;
>
> (4)    the amount involved and the results obtained;
>
> (5)    the time limitations imposed by the client or by the circumstances;
>
> (6)    the nature and length of the professional relationship with the client;
>
> (7)    the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8)    whether the fee is fixed or contingent.

Colo. RPC 1.5(a).

14

¶ 30　First, we note that "[t]he court *may* adjust the lodestar amount based on" the Colo. RPC 1.5 factors. *W.P.A.S.*, ¶ 26, 586 P.3d at 1119 (emphasis added). The word "may" confers "discretionary power to choose among alternatives" and is "generally deemed to be permissive absent evidence of legislative intent to the contrary." *Larry H. Miller Corp.-Denver v. Urb. Drainage & Flood Control Dist.*, 64 P.3d 941, 946 (Colo. App. 2003). A court has "the discretion to make upward or downward adjustments" to the lodestar amount "after considering the relevant factors in Colo. RPC 1.5(a) for determining the reasonableness of attorney fees." *In re Marriage of Aragon*, 2019 COA 76, ¶ 15, 444 P.3d 837, 842. Thus, the trial court was not *required* to apply all eight of the Colo. RPC 1.5 factors when considering the reasonableness of Wedding Canyon's attorney fee request.

¶ 31　To the extent Seehase argues that the evidence did not support a determination of reasonableness under some of the Colo. RPC 1.5 factors, we are unpersuaded. As discussed, *supra* Part II.C, the trial court found Wedding Canyon's attorney fee documentation credible and sufficient to establish the reasonableness of the requested attorney fees. Moreover, Seehase's

arguments regarding the three-year length of the case and Wedding Canyon's need to respond to Seehase's own "volum[inous]," "repetitive[,] and overlapping pro se filings" only reinforces the reasonableness of the time the firm expended on the case. The trial court set forth in detail how Seehase and the Trust's litigation strategy drove up Wedding Canyon's attorney fees:

> The [c]ourt is well aware of the extreme and unusual circumstances of this case, and how those circumstances were proliferated by [Seehase and the Trust]. Without limitation, some of the notable events include: Seehase's transfer of the [property] to the Trust, which transfer necessitated amendment to [Wedding Canyon's] original pleading; the instances wherein Seehase's prior attorneys were terminated or otherwise withdrew from representation; the last-minute withdrawal of the Trust and Trustee's attorneys; [Seehase's and the Trust's] failure to produce the Trust instruments; and Seehase's filing of hundreds of documents, in her individual capacity (even after multiple [c]ourt orders forbidding the same), that fail to comply with basic procedural requirements, are patently false, largely or entirely incoherent, and devoid of appropriate legal citation or any reasonable inference of supportive legal authority or otherwise lack substantial justification.

Seehase cannot object to the time the firm was forced to spend on the case as a direct result of her own abusive litigation tactics.

¶ 32    The trial court stated in its order granting attorney fees that it considered the Colo. RPC 1.5 factors, and Seehase concedes that we must give "substantial deference" to the court's determination. Thus, we conclude that the court properly applied the Colo. RPC 1.5 factors and did not abuse its discretion by awarding Wedding Canyon its requested attorney fees.

## E.    Allocation of Attorney Fees

¶ 33    Seehase also contends that the trial court abused its discretion by awarding the attorney fees against her and the Trust, jointly and severally, without apportioning the award between them. But we do not address this argument because Seehase raised it for the first time in her reply brief.  *See Caylao-Do v. Logue*, 2025 COA 42, ¶ 33, 571 P.3d 909, 916.

## III.    Watkins's Arguments

¶ 34    As an initial matter, Watkins contends that she is not individually liable for the attorney fees awarded to Wedding Canyon. As explained, *supra* Part I, the court entered the order against Seehase and the Trust — not Watkins in an individual capacity, as Wedding Canyon concedes.  To the extent that Watkins may be attempting to appeal the trial court's award of attorney fees against

17

the Trust, she is barred from representing the Trust pro se. "[A] non-attorney trustee is not entitled to proceed pro se on behalf of a trust." *J. Tucker v. Town of Minturn*, 2015 CO 61, ¶ 18, 359 P.3d 29, 32.

## IV.   Wedding Canyon's Request for Its Appellate Attorney Fees and Costs

¶ 35    Wedding Canyon requests an award of its reasonable appellate attorney fees and costs. We agree that it is entitled to such an award.

¶ 36    Section 11.1 of the declaration does not exclude appeals from the "proceeding[s] at law or in equity" for which the prevailing party may recover reasonable attorney fees and costs. Because section 11.1 is clear on its face, we enforce it as written. *See Frisco Lot 3 LLC v. Giberson Ltd. P'ship, LLLP*, 2024 COA 125, ¶ 41, 564 P.3d 1061, 1071. And, in any event, this appeal is a continuation of litigation to enforce the declaration's "covenants, conditions, restrictions, easements, rights-of-way, liens, charges and other provisions."

¶ 37    Accordingly, as the prevailing party in this appeal, Wedding Canyon is entitled to recover the reasonable attorney fees and costs

it incurred in this appeal.  *See 1046 Munras Props.*, ¶ 54, 577 P.3d at 1043.  Because we affirm the trial court's attorney fee award, Wedding Canyon is also entitled to its appellate costs under C.A.R. 39(a)(2), which provides that "if a judgment is affirmed, costs are taxed against the appellant."

¶ 38    We remand the case to the trial court to determine the amount of reasonable appellate attorney fees and costs that Wedding Canyon incurred in defending this appeal.  *See* C.A.R. 39.1.

## V.    Disposition

¶ 39    The order awarding attorney fees to Wedding Canyon is affirmed.  The case is remanded to the trial court to determine the amount of reasonable appellate attorney fees and costs awardable to Wedding Canyon.

JUDGE YUN and JUDGE SCHUTZ concur.